UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLOTTE E. BARRETT                                                                  PLAINTIFF

v.                                                                          NO. 3:13-CV-00494-CRS

FIFTH THIRD BANK and
TRANS UNION, LLC                                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on a motion to remand filed by Plaintiff Charlotte E. Barrett ("Plaintiff") against Defendants Fifth Third Bank ("Fifth Third") and Trans Union, LLC ("Trans Union") (collectively, "Defendants"). (DN 11). For the reasons set forth below, the court will deny Plaintiff's motion to remand (DN 11).

## BACKGROUND

Plaintiff owns two properties located in Jefferson County, Kentucky: a personal residence located at 4123 Dover Avenue (hereinafter, the "personal residence"), and rental property located at 4127 Dover Avenue (hereinafter, the "rental property"). Fifth Third holds mortgages on both the personal residence and the rental property, in addition to a home equity line of credit on the personal residence. In November 2011, Fifth Third agreed to refinance the remaining debt on the personal residence mortgage. Plaintiff alleges that in the refinancing agreement she signed in November 2011, Fifth Third agreed to refinance the personal residence mortgage and allow Plaintiff to pay off the remaining debt on said mortgage, leaving Fifth Third with the mortgage on the rental property and the home equity line of credit on the personal residence. Plaintiff contends that as a result of the refinancing agreement, Fifth Third paid off the remaining debt on the rental property mortgage and the personal residence's home equity line of credit, but it failed

to pay off the remaining debt on the personal residence mortgage. Plaintiff alerted Fifth Third to this alleged error in December 2011, and again in March 2012, after receiving a notice from Fifth Third that she was in default on the personal residence mortgage.

Plaintiff claims that she and Fifth Third entered into a separate mortgage agreement in March 2012 to address the alleged error caused by the November 2011 refinancing agreement. According to Plaintiff, the March 2012 mortgage agreement provided that the personal residence mortgage would be extinguished and the rental property mortgage and home equity line of credit revived. Yet after signing this mortgage agreement in March 2012, Plaintiff claims to have received additional notices from Fifth Third concerning an outstanding mortgage on the personal residence. Plaintiff also contends that she was denied financing in November 2012 as a result of her alleged delinquency on the personal residence mortgage.

In addition to these claims, Plaintiff alleges that Jennifer Anglin ("Anglin"), the manager of the Fifth Third branch at which Plaintiff was denied financing, made false statements concerning Plaintiff's lack of creditworthiness and alleged delinquency on the personal residence mortgage. Plaintiff further claims that Fifth Third falsely reported to Trans Union that Plaintiff was delinquent on the personal residence mortgage. Plaintiff maintains that since November 2012, she has repeatedly alerted Anglin to the falsity of the Trans Union report and has requested that Fifth Third inform Trans Union of Fifth Third's alleged errors.

On April 29, 2013, Plaintiff filed this action in Jefferson County Circuit Court. Plaintiff's complaint raised the following claims against Fifth Third[1]: common law negligence; common law defamation; violation of the Kentucky Consumer Protection Act, KRS § 367.170(1); negligent violation of the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. §

---

[1] The complaint also stated several claims against Trans Union, but the court dismissed Trans Union as a defendant to this action on June 19, 2013. (DN 18). Thus, the only parties remaining to this action are Plaintiff and Fifth Third.

1681s-2(a), (b); willful violation of the FCRA, 15 U.S.C. § 1681s-2(a), (b); and violation of the Truth in Lending Act, 15 U.S.C. § 1666a. On May 16, 2013, after being served with Plaintiff's complaint, Trans Union—with Fifth Third's consent—removed the action to this court on the basis of federal question jurisdiction and pursuant to 28 U.S.C. § 1441. In its notice for removal, Trans Union stated that the court has original jurisdiction over the action because it "falls within the FCRA," which creates federal question jurisdiction. On May 29, 2013, Plaintiff moved to remand the action to Jefferson County Circuit Court, claiming that Trans Union failed to satisfy its burden of establishing this court's jurisdiction over the claims raised in the complaint. Having reviewed the parties' briefs and being otherwise sufficiently advised, the court will now consider Plaintiff's motion to remand.

## STANDARD

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). One source of original jurisdiction is federal question jurisdiction, which is present only in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction exists where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" so that "federal law is a necessary element of one of the well-pleaded...claims." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13, 27–28 (1983). However, "the plaintiff is the master of the claim," *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993) (quoting *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th

Cir. 1989)) (internal marks omitted), and "the fact that the wrong asserted could be addressed under either state or federal law does not...diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994). The defendant bears the burden of establishing the existence of federal subject matter jurisdiction and the propriety of the removal. *Id.* at 948–49; *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Thus, federal question jurisdiction requires not only that the plaintiff could have asserted a federal claim, but also that the plaintiff has in fact chosen to characterize his or her claim as arising under federal law.

## DISCUSSION

As the removing party, Fifth Third bears the burden of establishing federal jurisdiction. *See Alexander*, 13 F.3d at 948–49. Plaintiff contends that Fifth Third has failed to establish that a substantial question of federal law exists in this case, and she cites to the case of *Commonwealth ex rel. Gorman v. Comcast Cable of Paducah, Inc.*, 881 F. Supp. 285 (W.D. Ky. 1995) to support her argument that the action was improperly removed. Plaintiff relies on *Gorman* for the proposition that when a plaintiff files an action in a Kentucky state court invoking Kentucky's Consumer Protection Act, a defendant may remove the action only if "the plaintiff's right to relief *depends necessarily* on a substantial question of federal law." *Gorman*, 881 F. Supp. at 289 (emphasis in original). However, Plaintiff's reliance on this case is misplaced. In *Gorman*, the plaintiff brought state claims under the Kentucky Consumer Protection Act, and her complaint merely referenced a federal statute to set the standard of conduct for the state law claims. *Id.* That situation is distinguishable from the case at bar, in which Plaintiff's complaint contains a separate cause of action for Fifth Third's alleged

violations of the FCRA.  Unlike in *Gorman*, Plaintiff's complaint does not use the FCRA to set the standard of conduct for her state law claim.  Rather, Plaintiff's FCRA claim is independent from her claims arising under the Kentucky Consumer Protection Act and the common law.

It is also well-settled that the plaintiff is the "master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Phillips v. Southern Graphic Sys.*, 380 F. Supp. 2d 827, 828 (W.D. Ky. 2005) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Though Plaintiff could have avoided federal jurisdiction by relying solely on state and common law claims, she chose to allege violations of—and seek relief under—the FCRA.  Thus, federal question jurisdiction exists because Plaintiff's "well-pleaded complaint establishes...that federal law creates the cause of action...." *Franchise Tax Bd. of Cal.*, 463 U.S. at 27–28. Therefore, removal was proper because Plaintiff chose to characterize her claim as arising under federal law.

In the alternative, Plaintiff argues that even if federal question jurisdiction exists, the court should decline to exercise supplemental jurisdiction over her state and common law claims. Title 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quotations and citations omitted).  Although § 1367(a) authorizes federal courts to exercise supplemental jurisdiction over state law claims, federal courts are not required to exercise jurisdiction in all cases.  *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997).

Rather, district courts can decline to exercise jurisdiction for a number of valid reasons and should "deal with cases involving claims in the manner that best serves the principles of economy, convenience, fairness and comity which underlie the jurisdiction doctrine." *Id.*

Plaintiff contends that the court should decline to exercise supplemental jurisdiction over her state and common law claims because the facts that give rise to those claims do not arise from the same nucleus of operative fact as the FCRA claims. The court finds, however, that the facts underlying Plaintiff's state and common law claims are sufficiently related and intertwined with Plaintiff's federal claims, such that the exercise of the court's supplemental jurisdiction under 28 U.S.C. § 1367(a) is warranted. Plaintiff's state, common law, and federal claims all require proof of similar facts. In particular, they each require proof that Fifth Third made false reports to Trans Union, that Plaintiff was not delinquent on the personal residence mortgage, and that Fifth Third published false statements regarding Plaintiff's creditworthiness. Because Plaintiff's state and common law causes of action are so related to her federal claims that they form part of the same case or controversy, this court has supplemental jurisdiction over Plaintiff's related state and common law claims pursuant to 28 U.S.C. § 1367(a). Accordingly, the court finds that this case was properly removed to federal court pursuant to 28 U.S.C. § 1441(a). Therefore, Plaintiff's motion to remand (DN 11) must be denied.

A separate order will be entered in accordance with this opinion.

December 11, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**